IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VEGA,

       Plaintiff,                   No. 2:11-cv-3271 GEB KJN P

   vs.

MATTHEW CATE, et al.,

       Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to this court's order filed May 29, 2012, and extension of time filed July 31, 2012, plaintiff has amended his complaint. However, plaintiff has filed two amended complaints, signed by plaintiff on the same date (August 8, 2012), each alleging a denial of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment based an alleged denial of plaintiff's personal property, but naming different defendants. Plaintiff is advised that he cannot pursue two separate complaints in the same action; there can be only one operative complaint in this action.

        Nevertheless, because the court is required to screen a pro se plaintiff's complaint pursuant to the standards set forth in 28 U.S.C. § 1915A, and because plaintiff has had repeated opportunities to file an amended complaint alleging potentially cognizable claims, the court now

screens both of plaintiff's complaints, for the purpose of considering whether further leave to amend should be granted.[1]

In his first-filed amended complaint (Dkt. No. 17), plaintiff names defendants Matthew Cate (Director, California Department of Corrections and Rehabilitation), W. Knipp (Warden, Mule Creek State Prison ("MCSP")), and, on the title page and in the body of the complaint, MCSP correctional officer Ali. (Id. at 1.) (However, elsewhere in the complaint, plaintiff names MCSP correctional officer Peterson, not Ali. (Id. at 2).) The complaint alleges that, following plaintiff's placement in administrative segregation on February 24, 2011, he was provided an inventory of his property removed from his prior cell, which plaintiff declined to sign because the inventory was allegedly incomplete. The complaint alleges that "correctional officer Ali was responsible for inventory and packing my property but failed to do so." (Id. at 4.) Defendant Ali is identified as "the officer that searched my cell and taken (sic) property out of my cell that is on my property card." (Id.) The complaint names defendant Cate based on his responsibility "for all California state prisons, and inmates therein. . . [and] for placing and

---

[1] As this court previously informed plaintiff, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  training correctional officers and care of custody of inmates['] well being;" and names defendant
2  Knipp based on his responsibility for "inmate care and custody within MCSP and training of all
3  Corr. (sic) staff conduct within MCSP." (Id. at 2.) The complaint alleges that defendant Knipp
4  "was aware of such activities that take place at all times," and "aware of my missing property."
5  (Id. at 4.) The complaint seeks $5000 damages from each defendant.

6  In his second-filed amended complaint (Dkt. No. 18), plaintiff names defendants
7  Matthew Cate, W. Knipp, and MCSP correctional officer Peterson. (However, on one page of
8  the complaint, plaintiff names correctional officer Ali, not Peterson. (Id. at 2.) Defendant
9  Peterson is identified as "the officer that searched my cell and taken property out of my cell that
10 is on my property card." (Dkt. No. 18 at 4.) The allegations against defendants Cate and Knipp
11 are again based only on their supervisory positions. The complaint seeks $5000 damages from
12 each defendant.

13 Both amended complaints perpetuate the problems identified by the court in
14 reviewing plaintiff's initial complaints. (See Dkt. Nos. 1, 4, 12.) In granting plaintiff leave to
15 file a further amended complaint, the court informed plaintiff of the following substantive
16 considerations: (1) the inability to state a civil rights claim against supervisory defendants
17 premised on a respondeat superior theory, see e.g. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.
18 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589
19 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no
20 evidence of personal participation); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)
21 (complaint devoid of specific factual allegations of personal participation is insufficient); and (2)
22 that a due process (not cruel and unusual punishment) claim premised on the alleged deprivation
23 of property may be cognizable based only on allegations that the deprivation was both authorized
24 and intentional and yet failed to conform to due process standards, see e.g. Piatt v. McDougall,
25 773 F.2d 1032, 1036 (9th Cir. 1985) (only an authorized, intentional deprivation of property,
26 carried out pursuant to established state procedures, may constitute a violation of due process);

Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (random or negligent deprivation of property by a state official may be challenged pursuant only to a state tort claim); Washington v. Early, 2008 WL 795603, *16 (E.D. Cal. 2008) ("[t]he confiscation of personal property . . . does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate").

Notwithstanding these considerations, plaintiff's amended complaints fail to state a potentially cognizable claim.

In both amended complaints, plaintiff has again failed to allege any facts upon which to draw a reasonable inference that defendant Cate was personally aware of, or in any way involved with, the challenged deprivation of plaintiff's property. Similarly, no such inference can be drawn from any of the exhibits submitted by plaintiff on June 21, 2012. (Dkt. No. 15.) As this court previously explained (see Dkt. No. 12 at 3-4), to state a claim under Section 1983, plaintiff must allege a plausible and actual connection between the deprivation allegedly suffered by plaintiff, and defendants' challenged conduct. Supervisory personnel may not be held liable under Section 1983 for the actions of their employees under a theory of respondeat superior. Claims against a defendant holding a supervisory position must allege a direct causal link between the defendant and the claimed constitutional violation. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Plaintiff has again failed to state a potentially cognizable claim against defendant Cate.

Review of plaintiff's exhibits reveals one document that arguably (but insufficiently) supports some inferred awareness of plaintiff's claims by defendant Knipp. A Second Level Response to plaintiff's grievance challenging correctional officer Peterson's

4

alleged confiscation of plaintiff's radio (Log No. 11-00309), dated May 25, 2011, is signed by an official (initials "CDW")) on behalf of Warden Knipp.  The grievance, which primarily alleged that plaintiff was improperly reclassified for placement in another institution, was denied on the ground that plaintiff had not previously sought the return of his radio pursuant to the instant grievance, and because, under the circumstances, plaintiff "was appropriately referred to the Classification Staff Representative for alternative placement in another level IV institution." (Dkt. No. 15 at 20.)

Although knowledge of this Second Level Response and plaintiff's underlying claims may properly be attributed to defendant Knipp in his supervisory capacity, the content of the response fails to support any direct causal link between Knipp and plaintiff's alleged constitutional deprivation.  Moreover, plaintiff's apparent failure to administratively exhaust a challenge to the confiscation of his radio may not only preclude this court's consideration of the issue, see 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001) (plaintiff must exhaust available administrative remedies before filing a federal civil rights action), but appears to undermine any due process challenge.  These deficiencies demonstrate that plaintiff has again failed to state a potentially cognizable claim against defendant Knipp.

Finally, plaintiff makes identical -- and therefore inherently inconsistent -- allegations against defendants Peterson and Ali in his respective amended complaints.  While plaintiff's pertinent administrative grievances appear to be directed toward correctional officer Peterson, without reference to Ali (see e.g. id. at 7, 28), in his complaints plaintiff identifies each defendant as the correctional officer who searched plaintiff's cell and removed his property. Plaintiff does not allege, in either complaint, that both defendants were involved; rather, he alleges, respectively, that each defendant was the responsible correctional officer.

Moreover, neither complaint identifies the property at issue.  Review of plaintiff's exhibits indicates that plaintiff challenged the withholding of his radio, seven compact discs, a gold medallion, one coaxial cable, and one headphone, none of which were allegedly listed on

the inventory of plaintiff's property.  (See e.g. Dkt. No. 15 at 7, 8, 28.)  The apparently subject "Inmate Property Inventory," dated February 24, 2011, does not reference a radio or gold medallion, but identifies as "contraband," in pertinent part, a Koss headphone, adapter, and 6 CDs.  (See Dkt. No. 15 at 16.)  It is axiomatic that prisoners have no cognizable legal interest in the possession of contraband.  See 15 Cal. Code Reg. § 3006; accord Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006); Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984).  In contrast, a chronology of plaintiff's authorized property includes two sets of headphones, as well as hearing aids and hearing vest.  (Id. at 36-7.)  However, plaintiff was apparently permitted to retain these items because he is hearing impaired.  (Id. at 19.)

        Plaintiff has had several opportunities to articulate a cognizable due process claim on the ground that either correctional officer, acting pursuant to authorized procedures, improperly deprived plaintiff of his property.  However, plaintiff has still not clarified whether his claim is premised on an alleged conformance with authorized procedures, thus providing the platform for a due process claim, or whether defendants' challenged conduct was random and unauthorized, which would require that plaintiff seek relief pursuant to state tort claim procedures.  Moreover, plaintiff has not identified his missing property, nor indicated whether it was ever returned.  For these several reasons, the court finds that plaintiff has again failed to state a potentially cognizable due process claim against correctional officer Peterson and/or Ali.

        When the court previously found that plaintiff's allegations failed to state a claim, and appeared frivolous, the court granted plaintiff leave to file a further amended complaint "in an abundance of caution."  (Dkt. No. 12 at 5.)  The court now finds that plaintiff's allegations, despite repeated amendment, fail to state a potentially cognizable claim for relief, and that further amendment would be futile.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  For these reasons, this action should be dismissed without further leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 8, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vega3271.dsms.